UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEX ZANKICH and WILLIAM RUCKER, *et al.*,

        Plaintiffs,

    v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No. C08-1476 RSM

ORDER SETTING TRIAL
DATE & RELATED DATES

| | |
|---|---|
| **TRIAL DATE** | February 22, 2010 |
| Deadline for joining additional parties | April 1, 2009 |
| Motion for class certification due<br>    and noted on the Court's calendar for the fifth Friday<br>    thereafter | April 15, 2009 |
| Reports from expert witnesses under FRCP 26(a)(2) due | July 31, 2009 |
| All motions related to discovery must be noted on the motion<br>    calendar no later than the Friday before discovery closes<br>    pursuant to CR7(d)(3) or CR37(a)(2)(B) | |
| Discovery completed by | September 30, 2009 |
| All dispositive motions must be filed by<br>    and noted on the motion calendar no later than the<br>    fourth Friday thereafter (<u>see</u> CR 7(d)) | October 28, 2009 |
| Mediation per CR 39.1(c)(3) held no later than | July 15, 2009 |
| All motions in limine must be filed by<br>    and noted on the motion calendar seven judicial days<br>    thereafter pursuant to CR7(d)(2) | January 25, 2010 |
| Agreed pretrial order due | February 10, 2010 |
| Pretrial conference to be scheduled by the Court | |

ORDER SETTING TRIAL DATE & RELATED DATES - 1

| | |
|---|---|
| Trial briefs, proposed voir dire questions, proposed jury instructions, and trial exhibits due | February 17, 2010 |

Length of Trial: 4-10 days                                             Jury XXX  Non Jury

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. All other dates are specified in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify Lowell Williams or Laurie Cuaresma, in-court deputy clerks, at 206-370-8521, within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

## ELECTRONIC FILING

Counsel is required to electronically file all documents with the Court. Documents filed electronically are instantly filed and the court has instant access to review and consider pleadings. For any document exceeding fifty (50) pages in length, a courtesy copy shall be delivered to the Clerk's Office, marked "Chambers Copy."

## COOPERATION

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

ORDER SETTING TRIAL DATE & RELATED DATES - 2

Case 1:09-cv-23186-JLK   Document 16   Entered on FLSD Docket 03/27/2009   Page 3 of 3

## EXHIBITS

The original and one copy of the trial exhibits are to be delivered to chambers five days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with 500. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

## SETTLEMENT

Should this case settle, counsel shall notify the Deputy Clerk as soon as possible. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

DATED this 27th day of March, 2009.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE